ALFRED ANGELO, PROSECUTOR, v. CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY ET AL., DEFENDANTS.

Argued May term, 1928—Decided June 21, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the commission, *Ernest L. Quackenbush* and *Edward L. Katzenbach,* attorney-general.

For the city of Newark, *Jerome T. Congleton.*

PER CURIAM.

This writ reviews the proceedings of the civil service commission of the state in sustaining the dismissal of the prosecutor from the position of chauffeur of the department of parks and public property of the city of Newark, on the ground that the position had been abolished.

For about eighteen months the prosecutor had served as chauffeur to a car assigned to Commissioner Gillen of that city. The prosecutor's evidence was that on February 18th, 1927, he drove the commissioner to the tube station where he was told to place the car in a garage and go home; he placed the car in a garage which was in the rear of the commissioner's home, when Mrs. Gillen asked him to wait in order to perform some household service; he waited an hour and a half and then left. The next morning he was upbraided by Mrs. Gillen for his conduct and was informed by the commissioner that if he desired to retain his place he would be obliged to take orders from the commissioner's wife. Upon reaching the city hall with the commissioner he was ordered by him to surrender the keys and was informed that he would be transferred to another department; an attempt was made to effect such a transfer, but the prosecutor refused to accept the position of driver of a garbage truck, and in this refusal he was upheld by the civil service commission on March 27th. On April 5th a resolution was passed abolishing the position he had occupied.

The car continued in service thereafter, and was operated by different city employes, and chiefly by one McMahon and one Bontellite, both employes of the shade tree division. McMahon was not appointed to the place until six weeks after the resolution was passed. There was no evidence that the salaries paid these drafted employes was less than that received by the prosecutor.

The commissioner denied any request from, or complaint of, his wife regarding the prosecutor, and based his action on grounds of economy in the public service, in that the prosecutor, as chauffeur, was idle practically all day on many occasions. This was admitted by the prosecutor, who contends

that inasmuch as the automobile is still used in the city service the position he occupied has not in fact been abolished. He fails, however, to distinguish between the use of the automobile by the city and the service incident to the position of chauffeur, which presents the real test of the legality of his discharge. *Paddock* v. *Hudson County Board, &c.,* 82 *N. J. L.* 360.

An applicable case is that of *Burney* v. *Paterson,* 3 *N. J. Mis. R.* 1197. The same general topic is dealt with in 20 *Anno. Cas.* 247.

Our conclusion is that the judgment of the civil service commission must be affirmed.